J. CHRISTOPHER JACZKO (149317)
ALLISON H. GODDARD (211098)
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 404-9205
Facsimile:     (858) 225-3500
Email:   cjaczko@jaczkogoddard.com
Email:   agoddard@jaczkogoddard.com


MATTHEW G. McANDREWS (*Pro Hac Vice*)
FREDERICK C. LANEY (*Pro Hac Vice*)
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Telephone:    (312) 236-0733
Facsimile:     (312) 236-3137

Attorneys for Plaintiff
DR SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC., a California corporation,<br><br>              Plaintiff,<br><br>v.<br><br>AVREO, INC.,CANDELIS, INC., CERNER CORPORATION, COACTIV, LLC,, CONNECT IMAGING, INC., COMPUTER PROGRAMS AND SYSTEMS, INC., iCRCO, INC., INFINITT NORTH AMERICA,  INC., MEDWEB CALIFORNIA, LLC, PENRAD TECHNOLOGIES, INC., RADIOLOGY INFORMATION SYSTEMS, INC., RAMSOFT USA, INC., SECTRA NORTH AMERICA, INC., THINKING SYSTEMS CORPORATION,  VISAGE IMAGING, INC., and VISUS USA, LLC,<br><br>              Defendants. | Case No.   **'11 CV 0932 BEN WVG**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

## COMPLAINT

Plaintiff, DR Systems, Inc. ("DR Systems"), complains of defendants, Avreo, Inc. ("Avreo"), Candelis, Inc. ("Candelis"), Cerner Corporation ("Cerner"), CoActiv, LLC ("CoActiv"), Connect Imaging, Inc. ("Connect Imaging"), Computer Programs and Systems, Inc. ("CPSI"), iCRco, Inc. ("iCRco"), Infinitt North America, Inc. ("Infinitt"), Medweb California, LLC ("Medweb"), PenRad Technologies, Inc. ("PenRad"), Radiology Information Systems, Inc. ("RADinfo Systems"), RamSoft USA, Inc. ("RamSoft"), Sectra North America, Inc. ("Sectra"), Thinking Systems Corporation ("Thinking Systems"), Visage Imaging, Inc., ("Visage Imaging"), and Visus USA, LLC, ("Visus USA") as follows:

## NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2.      DR Systems is a California corporation with its principal place of business at 10140 Mesa Rim Road, San Diego, California 92121.  DR Systems is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 5,452,416, entitled "Automated System and Method for Organizing, Presenting and Manipulating Medical Images," issued September 19, 1995 ("the '416 patent") (Exhibit A). A reexamination certificate confirming the validity of the '416 patent issued on April 26, 2001. (Exhibit B).

3.      Defendant Avreo is a Louisiana corporation with a place of business at 4050 Azalea Drive, North Charleston, South Carolina 29405.  Avreo transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California Picture Archival and Communication Systems ("PACS") and related products that infringe claims of the '416 patent.

4.     Defendant Candelis is a California corporation with a place of business at 18821 Bardeen, Irvine, California 92612.  Candelis transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

5.     Defendant Cerner is a Delaware corporation with a place of business at 2800 Rockcreek Parkway, Kansas City, Missouri 64117.  Cerner transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

6.     Defendant CoActiv is a Delaware Limited Liability Company with a place of business at 900 Ethan Allen Highway, Ridgefield, CT 06877.  Cerner transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

7.     Defendant Connect Imaging is a Hawaii corporation with a place of business at 850 West Hind Dr., Suite 205, Honolulu, Hawaii 96821.  Connect Imaging transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

8.     Defendant CPSI is a Delaware corporation with a place of business at 6600 Wall Street, Mobile, Alabama 36695.  CPSI transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

9.     Defendant iCRco is a California corporation with a place of business at 2580 West 237th St. Torrance, CA 90505.  iCRco transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

10.     Defendant Infinitt is a New Jersey corporation with a place of business at 755 Memorial Parkway, Suite 304, Phillipsburg, NJ 08865.  Infinitt transacts business and has sold

3

and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

11.    Defendant Medweb is a California corporation with a place of business at 667 Folsom Street, San Francisco, CA 94107. Medweb transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

12.    Defendant PenRad is a Minnesota corporation with a place of business at 10580 Wayzata Blvd., Suite 200, Minnetonka, MN 55305.  PenRad transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

13.    Defendant RADinfo Systems is a Virginia corporation with a place of business at 43676 Trade Center Place, Suite 100, Dulles, VA 20166.  RADinfo transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

14.    Defendant RamSoft is a Wyoming corporation with a place of business at 10808 Foothill Blvd #160-427, Rancho Cucamonga, California 91730.  RamSoft transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

15.    Defendant Sectra is a Delaware corporation with a place of business at 2 Enterprise Dr., Suite 507, Shelton, Connecticut 06484.  Sectra transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

16.    Defendant Thinking Systems is a Florida corporation with a place of business at 750 94th Avenue N., Suite 211, St. Petersburg, FL, 33702.  Thinking Systems transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

17.     Defendant Visage Imaging is a Delaware corporation with a place of business at 12250 El Camino Real, Suite 230, San Diego, CA 92130.  Visage Imaging transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

18.     Defendant Visus USA is a Texas Limited Liability Corporation with a place of business at 1333 Corporate Drive, Suite 216, Irving, TX, 75038.  Visus USA transacts business and has sold and/or offered to sell to customers in this judicial district and throughout the State of California PACS and related products that infringe claims of the '416 patent.

## JURISDICTION AND VENUE

19.      This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

20.     Personal Jurisdiction over defendants is proper in this Court.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

21.     Avreo has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the Avreo interVIEW PACS.

22.     Avreo has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, Avreo has actual knowledge of

the '416 patent.  Avreo has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the Avreo interVIEW PACS system.  The direct infringers that are being induced by Avreo include, without limitation, the physicians who use Avreo's infringing medical imaging systems.

23.    Avreo has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the Avreo interVIEW PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Avreo knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for Avreo's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Avreo's infringing medical imaging systems.

24.    Candelis has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the Candelis ImageGrid Radiology Viewer and the Image Grid Mammography Web Viewer.

25. Candelis has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, Candelis has actual knowledge of the '416 patent.  Candelis has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the Candelis ImageGrid Radiology Viewer and the Image Grid Mammography Web Viewer.  The direct infringers that are being induced by Candelis include, without limitation, the physicians who use Candelis' infringing medical imaging systems.

26. Candelis has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the the Candelis ImageGrid Radiology Viewer and the Image Grid Mammography Web Viewer, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Candelis knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for Candelis's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Candelis' infringing medical imaging systems.

27.     Cerner has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C.

§ 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the Cerner ProVision PACS.

28. Cerner has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, Cerner has actual knowledge of the '416 patent.  Cernrer has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the Cerner ProVision PACS.  The direct infringers that are being induced by Cerner include, without limitation, the physicians who use Cerner's infringing medical imaging systems.

29. Cerner has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the Cerner ProVision PACS, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Cerner knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. The direct infringers for Cerner's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Cerner's infringing medical imaging systems.

30.    CoActiv has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C.

§ 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the CoActiv EXAM-PACS system.

31. CoActiv has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, CoActiv has actual knowledge of the '416 patent.  CoActiv has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the CoActiv Exam-PACS system.  The direct infringers that are being induced by CoActiv include, without limitation, the physicians who use CoActiv's infringing medical imaging systems.

32. CoActiv has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the CoActiv Exam-PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. CoActiv knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for CoActiv's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use CoActiv's infringing medical imaging systems.

33.   Connect Imaging has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of

35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the Connect Imaging PACS system.

34.    Connect Imaging has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, Connect Imaging has actual knowledge of the '416 patent.  Connect Imaging has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the Connect Imaging PACS system.  The direct infringers that are being induced by Connect Imaging include, without limitation, the physicians who use Connect Imaging's infringing medical imaging systems.

35.    Connect Imaging has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the Connect Imaging PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Connect Imaging knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.   The direct infringers for Connect Imaging's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Connect Imaging's infringing medical imaging systems.

36.    CPSI has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of

medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the CPSI ImageLink system.

37.     CPSI has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, CPSI has actual knowledge of the '416 patent.  CPSI has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the CPSI ImageLink system.  The direct infringers that are being induced by CPSI include, without limitation, the physicians who use CPSI's infringing medical imaging systems.

38.     CPSI has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the CPSI ImageLink system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. CPSI knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. The direct infringers for CPSI's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use CPSI's infringing medical imaging systems.

39.     iCRco has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of

medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the iCRco Clarity PACS system.

40.     iCRco has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, iCRco has actual knowledge of the '416 patent.  iCRco has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the iCRco Clarity PACS system.  The direct infringers that are being induced by iCRco include, without limitation, the physicians who use iCRco's infringing medical imaging systems.

41.     iCRco has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the iCRco Clarity PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. iCRco knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for iCRco's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use iCRco's infringing medical imaging systems.

42.     Infinitt has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of

medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the Infinitt PACS system.

43.     Infinitt has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, Infinitt has actual knowledge of the '416 patent.  Infinitt has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the Infinitt PACS system.  The direct infringers that are being induced by iCRco include, without limitation, the physicians who use Infinitt's infringing medical imaging systems.

44.     Infinitt has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the Infinitt PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Infinitt knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. The direct infringers for Infinitt's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Infitt's infringing medical imaging systems.

45.     Medweb has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of

medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the Medweb PACS system.

46.     Medweb has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Upon information and belief, Infinitt has actual knowledge of the '416 patent. Medweb has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the Medweb PACS system. The direct infringers that are being induced by Medweb include, without limitation, the physicians who use Medweb's infringing medical imaging systems.

47.     Medweb has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the Medweb PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Medweb knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. The direct infringers for Medweb's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Medweb's infringing medical imaging systems.

48.     PenRad has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of

medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling offering to sell in the United States, and importing into the United States the PenRad PenView Workstation.

49.     PenRad has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, PenRad has actual knowledge of the '416 patent.  PenRad has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the PenRad PenView Workstation.  The direct infringers that are being induced by PenRad include, without limitation, the physicians who use PenRad's infringing medical imaging systems.

50.     PenRad has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the PenRad PenView Workstation, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. PenRad knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for PenRad's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use PenRad's infringing medical imaging systems.

51.     RADinfo has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the RADinfo Scan View System.

52.     RADinfo has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, RADinfo has actual knowledge of the '416 patent.  RADinfo has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the RADinfo Scan View System.  The direct infringers that are being induced by RADinfo include, without limitation, the physicians who use RADinfo's infringing medical imaging systems.

53.     RADinfo has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the RADinfo Scan View System, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. RADinfo knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing

uses.   The direct infringers for RADinfo's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use RADinfo's infringing medical imaging systems.

54.   RamSoft has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the RamSoft PowerServer PACS system.

55.   RamSoft has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.   Upon information and belief, RamSoft has actual knowledge of the '416 patent.   RamSoft has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the RamSoft PowerServer PACS System.   The direct infringers that are being induced by RamSoft include, without limitation, the physicians who use RamSoft's infringing medical imaging systems.

56.   RamSoft has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the RamSoft PowerServer PACS System, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. RamSoft knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one

or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for RamSoft's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use RamSoft's infringing medical imaging systems.

57.    Sectra has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the Sectra IDS7 PACS system.

58.    Sectra has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, Sectrahas actual knowledge of the '416 patent.  Sectra has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the Sectra IDS7 PACS System.   The direct infringers that are being induced by Sectra include, without limitation, the physicians who use Sectra's infringing medical imaging systems.

59.    Sectra has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the Sectra IDS7 PACS System, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Sectra knows that the features of its accused

medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for Sectra's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Sectra's infringing medical imaging systems.

60.     Thinking Systems has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the MDStation product.

61.     Thinking Systems has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.   Upon information and belief, Thinking Systems has actual knowledge of the '416 patent.  Thinking Systems has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the MDStation product.  The direct infringers that are being induced by Thinking Systems include, without limitation, the physicians who use Thinking System's infringing medical imaging systems.

62.     Thinking Systems has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the MDStation product, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a

staple article of commerce suitable for non-infringing uses. Thinking Systems knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.   The direct infringers for Thinking System's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Thinking System's infringing medical imaging systems.

63.    Visage Imaging has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the Visage 7 system.

64.    Visage Imaging has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.   Upon information and belief, Visage Imaging has actual knowledge of the '416 patent.   Visage Imaging has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the Visage 7 system.   The direct infringers that are being induced by Visage Imaging include, without limitation, the physicians who use Visage Imaging's infringing medical imaging systems.

65.    Visage Imaging has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its

accused medical imaging systems, including the Visage 7  System, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Visage Imaging knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for Visage Imaging's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Visage Imaging's infringing medical imaging systems.

66.    Visus USA has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ("PACS") covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include, using, selling, offering to sell in the United States, and importing into the United States the JiveX Mammography Enterprise PACS system.

67.    Visus USA has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Upon information and belief, Visus USA has actual knowledge of the '416 patent.  Visus USA has knowingly and intentionally induced infringement of, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the JiveX Mammography Enterprise PACS system.   The direct infringers that are being induced by Visage Imaging include, without limitation, the physicians who use Visus USA's infringing medical imaging systems.

68.     Visus USA has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the JiveX Mammography Enterprise PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. Visus USA knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for Visus USA's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use Visus USA's infringing medical imaging systems.

69.     Defendants' infringement has injured and will continue to injure DR Systems, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products, systems, ans websites that fall within the scope of the asserted claims of the '416 patent.

## NOTICE, KNOWLEDGE, AND WILLFULNESS

70.     DR Systems has complied with all applicable provisions of 35 U.S.C. § 287 regarding marking and notice of the '416 patent.

71.     Each defendant's infringement has occurred with knowledge of the '416 patent and willfully and deliberately in violation of 35 U.S.C. § 284.  Each defendant has not taken adequate and necessary steps to avoid infringement.  Instead, each defendant has continued to infringe the

'416 patent in an objectively reckless manner, with complete disregard of DR System's rights in the '416 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, DR Systems prays as follows:

A.      For entry of judgment in favor of DR Systems and against each of the Defendants, and against each of the Defendants' subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

B.      An award of damages adequate to compensate DR Systems for the infringement that has occurred, together with prejudgment interest from the date infringement of the '416 patent began;

C.      A finding that this case is exceptional and an award to DR Systems of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction prohibiting further infringement of the '416 patent; and,

E.      Such other and further relief as this Court or a jury may deem proper and just.


Dated:  May 2, 2011                          JACZKO GODDARD LLP

                                             NIRO, SCAVONE, HALLER & NIRO


                                     By:     _____/s/ J. Christopher Jaczko_____
                                             J. Christopher Jaczko

                                             Attorneys for Plaintiff
                                             DR SYSTEMS, INC.

1

## **JURY DEMAND**

2       Plaintiff DR Systems demands a trial by jury on all issues presented in this Complaint triable

3   by jury.

4

5   Dated:  May 2, 2011                          JACZKO GODDARD LLP

6                                                NIRO, SCAVONE, HALLER & NIRO

7

8                                                By:      /s/ J. Christopher Jaczko
                                                          J. Christopher Jaczko
9
                                                 Attorneys for Plaintiff
10                                               DR SYSTEMS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

R SYSTEMS, INC., a California corporation,

## DEFENDANTS

AVREO, INC., CANDELIS, INC., CERNER CORPORATION, COACTIV, LLC, CONNECT IMAGING, INC., COMPUTER

(b) County of Residence of First Listed Plaintiff    San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Charleston, South Caro
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

See Attachment

Attorneys (If Known)

**'11 CV 0932 BEN WVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|   & Enforcement of Judgment |    Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations   ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |    Under Equal Access |
| |    Employment   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |    to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition |    Alien Detainee | | ☐ 950 Constitutionality of |
| |    Other | ☐ 465 Other Immigration | |    State Statutes |
| | ☐ 440 Other Civil Rights |    Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Sections 271, et seq.

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
05/02/2011

SIGNATURE OF ATTORNEY OF RECORD
/s/ J. Christopher Jaczko

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## ATTACHMENT TO CIVIL COVER SHEET FOR ITEM I(c)

### *DR SYSTEMS, INC. v. AVREO, INC., et al.*

The following are the attorneys for Plaintiff DR Systems, Inc.:

J. CHRISTOPHER JACZKO (149317)

ALLISON H. GODDARD (211098)

JACZKO GODDARD LLP

4401 Eastgate Mall

SAN DIEGO, CA 92121

Ph.   858.404.9205

MATTHEW G. McANDREWS (*Pro Hac Vice*)

FREDERICK C. LANEY (*Pro Hac Vice*)

NIRO, HALLER & NIRO

181 West Madison Street, Suite 4600

Chicago, IL 60602

Ph.  312.236-0733