FILED

'11 OCT 12 AM 8:08

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC.,<br><br>                     Plaintiff,<br><br>vs.<br><br>AVREO, INC., *et al.*,<br><br>                     Defendants. | CASE NO. 11-cv-0932 BEN (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART COACTIV'S MOTION TO DISMISS**<br><br>**(2) GRANTING IN PART AND DENYING IN PART CONNECT IMAGING'S MOTION TO DISMISS**<br><br>[Docket Nos. 116, 131] |

Presently before the Court is Defendant CoActiv, LLC's Motion to Dismiss (Docket No. 116) and Defendant Connect Imaging, Inc.'s Motion to Dismiss (Docket No. 131). For the reasons stated below, both Motions are **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff DR Systems is the named assignee of U.S. Patent No. 5,452,416. The '416 patent, entitled "Automated System and Method for Organizing, Presenting and Manipulating Medical Images," was issued on September 19, 1995. A reexamination certificate confirming the validity of the patent issued on April 26, 2001.

On May 2, 2011, Plaintiff initiated the present action for patent infringement against sixteen corporate defendants, including Defendants CoActiv, LLC and Connect Imaging, Inc. CoActiv and

1  Connect Imaging both manufacture and sell medical imaging systems. Plaintiff alleges that CoActiv
2  and Connect Imaging have infringed claims 17, 21, 23, 27, and 29 of the '416 patent. Specifically,
3  Plaintiff alleges (1) direct infringement under 35 U.S.C. § 271(a), (2) induced infringement under 35
4  U.S.C. § 271(b), and (3) contributory infringement under 35 U.S.C. § 271(c) against both CoActiv and
5  Connect Imaging.
6      Presently before the Court is CoActiv's and Connect Imaging's Motions to Dismiss. Being
7  fully briefed, the Court finds the Motions suitable for determination on the papers without oral
8  argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

10      Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the complaint fails
11  to state a claim upon which relief may be granted. Rule 8(a)(2), which governs pleading requirements,
12  states that a pleading must contain "a short and plain statement of the claim showing that the pleader
13  is entitled to relief." The Supreme Court has interpreted this as requiring a showing of facial
14  plausibility. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550
15  U.S. 544, 556 (2007). On the other hand, Form 18 in the Appendix to the Federal Rules of Civil
16  Procedure, entitled "Complaint for Patent Infringement," provides an example for an allegation of
17  direct infringement, and requires little more than a conclusory statement that the defendant infringed
18  the plaintiff's patent. Form 18, however, does not address induced infringement or contributory
19  infringement.
20      The Federal Circuit has held that under *Twombly*, a plaintiff alleging direct infringement "need
21  only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*
22  *v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (relying on then Form 16, which is now
23  Form 18). Writing separately, Judge Timothy Dyk explained that because Rule 84 requires a court to
24  accept as sufficient any pleading that conforms to the Forms, a court must find a bare allegation of
25  direct infringement made in accordance to the present Form 18 to be sufficient under Rule 8(a)(2).
26  *Id.* at 1360; *see also Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1162-63 (C.D.
27  Cal. 2010); *Elan Microelecs. Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D.
28  Cal. Sept. 14, 2009); *but see Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL

889541, at *6 (N.D. Cal. Mar. 11, 2010). On the other hand, because Form 18 does not address induced infringement or contributory infringement, the heightened pleading standard of *Twombly* and *Iqbal* apply to allegations of induced infringement and contributory infringement. *Halton Co. v. Streivor, Inc.*, No. C 10-00655 WHA, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010); *Elan*, 2009 WL 2972374, at *2.

## I. CoActiv's Motion to Dismiss

CoActiv argues that the Court should dismiss Plaintiff's claims for direct infringement, induced infringement, and contributory infringement against CoActiv.

### A. Direct Infringement

Plaintiff alleges that CoActiv "has infringed, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent through, among other activities, its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems ('PACS') covered by one or more of the claims of the '416 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, selling, offering to sell in the United States, and importing into the United States the CoActiv EXAM-PACS system." (Compl. ¶ 30.)

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To successfully state a claim for direct infringement, a plaintiff must allege: (1) ownership of the allegedly infringed patent, (2) the infringer's name, (3) a citation to the patent, (4) the allegedly infringing activity, and (5) citations to applicable federal patent law. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

First, Plaintiff alleges that it owns the '416 patent. Second, Plaintiff alleges that CoActiv directly infringed this patent. Third, Plaintiff provides the patent number for the '416 patent. Fourth, Plaintiff alleges that CoActiv infringed the '416 patent through "its manufacture, use, importation, sale, and/or offer for sale of medical imaging systems such as Picture Archive and Communication Systems." (Compl. ¶ 30.) Fifth, Plaintiff cites to the applicable federal patent law, 35 U.S.C. §

271(a). These allegations are sufficient to state a claim for direct infringement.

First, CoActiv argues that the Complaint does not meet the heightened pleading standard under *Twombly* and *Iqbal* because "the Complaint does not describe what the patent does, nor does it allege that CoActiv's system works according to the patented invention; nor does it contain any allegation of how CoActiv's system works." (CoActiv Mot. at 7.) As explained above, however, the heightened pleading standard of *Twombly* and *Iqbal* does not apply to allegations of direct infringement.

Second, CoActiv argues that CoActiv's accused medical imaging system does not infringe the '416 patent because it does not have "diagnosing physician data tables," which is a required element of all of the '416 patent claims. Whether CoActiv's medical imaging system contains a particular claim element, however, is an issue of claim construction and infringement, which is not properly considered in a 12(b)(6) motion. *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972-LHK, 2011 U.S. Dist. LEXIS 34076, at *57 (N.D. Cal. Mar. 29, 2011).

Third, CoActiv argues that "[g]iven [Plaintiff's] obligation [under Rule 11] to undertake a pre-filing investigation and analysis of the basis of each infringement, it is fair to require a plaintiff to use the information it collected in its investigation and analysis, and to incorporate those facts and analysis in its complaint." (CoActiv Reply at 2.) CoActiv, however, does not cite any legal authority for this proposition, nor is the Court aware of any. Accordingly, CoActiv's motion to dismiss the claim for direct infringement against CoActiv is **DENIED**.

### B. Induced Infringement

Plaintiff alleges that CoActiv "has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Upon information and belief, CoActiv has actual knowledge of the '416 patent. CoActiv has knowingly and intentionally induced infringement . . . through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the CoActiv Exam-PACS system. The direct infringers that are being induced by CoActiv include, without limitation, the physicians who use CoActiv's infringing medical imaging systems." (Compl. ¶ 31.)

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C.

§ 271(b). "To prove inducement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010) (internal quotation marks omitted). To induce infringement, a defendant must have "actively and *knowingly* aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (internal quotation marks omitted).

Here, Plaintiff does not allege any facts concerning how CoActiv induced the physicians' direct infringement of the medical imaging systems. The allegations in the Complaint, even taken as true, are insufficient to state a claim for induced infringement under *Twombly*'s and *Iqbal*'s heightened pleading standard. *See Halton*, 2010 WL 2077203, at *2; *Sharafabadi v. Univ. of Idaho*, No. C09-1043JLR, 2009 WL 4432367, at *5 (W.D. Wash. Nov. 27, 2009). Plaintiff's argument to the contrary concerns whether the Complaint alleges enough facts to show that CoActiv knowingly and intentionally induced infringement. This argument, however, does not address whether the Complaint alleges sufficient facts showing how CoActiv induced the physicians' direct infringement. Accordingly, Plaintiff's claim for induced infringement against CoActiv is **DISMISSED WITHOUT PREJUDICE**.

### C. Contributory Infringement

Plaintiff alleges that CoActiv "has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the CoActiv Exam-PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. CoActiv knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. The direct infringers for CoActiv's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use CoActiv's infringing medical imaging systems." (Compl. ¶ 32.)

"Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). "In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal quotation marks omitted).

Here, Plaintiff does not allege any facts concerning how CoActiv contributed to the physicians' direct infringement of the medical imaging systems. The allegations in the Complaint, even taken as true, are insufficient to state a claim for contributory infringement under *Twombly*'s and *Iqbal*'s heightened pleading standard. *See Sharafabadi*, 2009 WL 4432367, at *5. Plaintiff's argument to the contrary concerns whether the Complaint alleges enough facts to show that the infringing systems constitute a material part of the patented invention. This argument, however, does not address whether the Complaint alleges sufficient facts showing how CoActiv contributed to the physicians' direct infringement. Accordingly, Plaintiff's claim for contributory infringement against CoActiv is **DISMISSED WITHOUT PREJUDICE.**

## II. CONNECT IMAGING'S MOTION TO DISMISS

The allegations of infringement asserted against Connect Imaging in the Complaint are identical to the allegations asserted against CoActiv. Connect Imaging's Motion to Dismiss, Plaintiff's Response to Connect Imaging's Motion to Dismiss, and Connect Imaging's Reply are all duplicates of CoActiv's Motion to Dismiss, Plaintiff's Response to CoActiv's Motion to Dismiss, and CoActiv's Reply. Accordingly, for the reasons discussed above in regards to CoActiv's Motion to Dismiss, Connect Imaging's motion to dismiss the claim of direct infringement against Connect Imaging is **DENIED**, Plaintiff's claim of induced infringement against Connect Imaging is **DISMISSED**

1  **WITHOUT PREJUDICE**, and Plaintiff's claim for contributory infringement against Connect
2  Imaging is **DISMISSED WITHOUT PREJUDICE**.
3                                              **CONCLUSION**
4       For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** both
5  CoActiv's and Connect Imaging's Motions to Dismiss. Specifically, the claims of direct infringement
6  asserted against CoActiv and Connect Imaging remain, while the claims of induced infringement and
7  contributory infringement against CoActiv and Connect Imaging are dismissed without prejudice.
8  Plaintiff is **GRANTED** forty-five (45) days from the date of this Order to file a First Amended
9  Complaint.

11       **IT IS SO ORDERED.**

13  DATED: October 11, 2011

                                                HON. ROGER T. BENITEZ
                                                United States District Court Judge