

FILED

2012 MAR 29  PM 3:10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC., <br><br> Plaintiff, <br> vs. <br><br> AVREO, INC., *et al.*, <br><br> Defendants. | CASE NO. 11-CV-0932 BEN (WVG) <br><br> **ORDER GRANTING COACTIV'S MOTION TO DISMISS IN PART THE FIRST AMENDED COMPLAINT** <br><br> [Docket No. 163] |

Presently before the Court is Defendant CoActiv, LLC's Motion to Dismiss in Part the First Amended Complaint. (Docket No. 163.) For the reasons stated below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff DR Systems, Inc. is the named assignee of U.S. Patent No. 5,452,416. The '416 patent, entitled "Automated System and Method for Organizing, Presenting and Manipulating Medical Images," was issued on September 19, 1995. A reexamination certificate confirming the validity of the patent issued on April 26, 2001.

On May 2, 2011, Plaintiff initiated the present action for patent infringement against sixteen corporate defendants, including Defendant CoActiv, LLC. CoActiv manufactures and sells medical imaging systems. In the First Amended Complaint (the operative complaint), Plaintiff alleges that CoActiv has infringed claims 17, 21, 23, 27, and 29 of the '416 patent. Specifically, Plaintiff alleges (1) direct infringement under 35 U.S.C. § 271(a), (2) induced infringement under 35 U.S.C. § 271(b), and (3) contributory infringement under 35 U.S.C. § 271(c) against CoActiv.

1  Presently before the Court is CoActiv's Motion to Dismiss in Part the First Amended
2  Complaint. Being fully briefed, the Court finds the Motion suitable for determination on the papers
3  without oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

5  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the complaint fails
6  to state a claim upon which relief may be granted. Rule 8(a)(2), which governs pleading requirements,
7  states that a pleading must contain "a short and plain statement of the claim showing that the pleader
8  is entitled to relief." The Supreme Court has interpreted this as requiring a showing of facial
9  plausibility. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550
10 U.S. 544, 556 (2007). On the other hand, Form 18 in the Appendix to the Federal Rules of Civil
11 Procedure, entitled "Complaint for Patent Infringement," provides an example for an allegation of
12 direct infringement, and requires little more than a conclusory statement that the defendant infringed
13 the plaintiff's patent. Form 18, however, does not address induced infringement or contributory
14 infringement.

15 The Federal Circuit has held that under *Twombly*, a plaintiff alleging direct infringement "need
16 only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*
17 *v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (relying on then Form 16, which is now
18 Form 18). Writing separately, Judge Timothy Dyk explained that because Rule 84 requires a court to
19 accept as sufficient any pleading that conforms to the Forms, a court must find a bare allegation of
20 direct infringement made in accordance to the present Form 18 to be sufficient under Rule 8(a)(2).
21 *Id.* at 1360; *see also Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1162-63 (C.D.
22 Cal. 2010); *Elan Microelecs. Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D.
23 Cal. Sept. 14, 2009). *But see Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL
24 889541, at *6 (N.D. Cal. Mar. 11, 2010). On the other hand, because Form 18 does not address
25 induced infringement or contributory infringement, the heightened pleading standard of *Twombly* and
26 *Iqbal* apply to allegations of induced infringement and contributory infringement. *Halton Co. v.*
27 *Streivor, Inc.*, No. C 10-00655 WHA, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010); *Elan*, 2009
28 WL 2972374, at *2.

CoActiv moves to dismiss Plaintiff's claims for induced infringement and contributory infringement against it. Each claim will be addressed in turn.

## I. INDUCED INFRINGEMENT

In regards to Plaintiff's claim for induced infringement against CoActiv, the First Amended Complaint alleges:

> CoActiv has indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Upon information and belief, CoActiv has actual knowledge of the '416 patent. CoActiv has knowingly and intentionally induced infringement . . . through, among other things, the sale, offer for sale, and importation into the United States of its accused medical imaging systems, including the CoActiv Exam-PACS system. The direct infringers that are being induced by CoActiv include, without limitation, the physicians who use CoActiv's infringing medical imaging systems.
> CoActiv's acts of inducement include selling and supplying its accused medical imaging systems to customers and end-users with the intent that the products be used in an infringing manner; encouraging customers and end-users to use the products in an infringing manner; providing operating manuals instructing customers and end-users to use the products in an infringing manner; and advertising, marketing, and promoting the use of the products in an infringing manner.

(First Am. Compl. ¶¶ 22, 23.)

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prove inducement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010) (internal quotation marks omitted), *aff'd*, 131 S. Ct. 2238 (2011). To induce infringement, a defendant must have "actively and *knowingly* aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must allege sufficient facts "for the Court to *infer* that the defendants had knowledge of [plaintiff's] patents and that their products infringed on those patents." *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10c715, 2011 U.S. Dist. LEXIS 99415, at *13-14 (N.D. Ill. Sept. 2, 2011).

Here, Plaintiff has not alleged sufficient facts showing that CoActiv had knowledge of the '416 patent. Plaintiff alleges only that CoActiv "has actual knowledge of the '416 patent," and "knowingly

and intentionally induced infringement." (First Am. Compl. ¶¶ 22.) Such conclusory allegations of CoActiv's knowledge of the '416 patent are insufficient. *See Trading Techs. Int'l, Inc.*, 2011 U.S. Dist. LEXIS 99415, at *14 (a general allegation that defendants had actual knowledge of the patents at issue, by itself, "would likely be too conclusory and not set out a plausible claim").

Plaintiff argues that from its allegations that CoActiv sold infringing products and showed customers how to use those products, "it can also be inferred that CoActiv acted 'knowingly and intentionally,'" citing *Trading Technologies International, Inc. v. BCG Partners, Inc.* and *Brocade Communications Systems, Inc. v. A10 Networks, Inc.* (Opp. at 5.) In *Trading Technologies*, however, the plaintiff alleged specific facts that allowed the court to infer that the defendants knew about the plaintiff's patents. For instance, the plaintiff alleged that plaintiff and defendant were competitors in the business of electronic trading software, the plaintiff marked its products with the patent number, and the defendant had notice of the patents at issue through the filing of multiple lawsuits. *Trading Techs. Int'l, Inc.*, 2011 U.S. Dist. LEXIS 99415, at *14-15. Plaintiff alleges no such facts here.

Plaintiff's citation to *Brocade Communications Systems* is similarly unconvincing. In *Brocade Communications Systems*, the court concluded that two defendants, Lee Chen and Rajkumar Jalan, "had intimate knowledge of the patents in suit and set about designing the accused AX series products 'with full knowledge' of these patents." *Brocade Commc'n Sys., Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK, 2011 U.S. Dist. LEXIS 30227, at *23 (N.D. Cal. Mar. 23, 2011). In that case, the plaintiff alleged that Chen supervised the named inventors of the patents in suit, and Jalan was a named inventor of one or more of the patents in suit. *Id.* at *5-6. Chen and Jalan had strong connections to the patents at issue, making it reasonable to conclude they had knowledge of those patents. Plaintiff has alleged no such connection here.

Accordingly, Plaintiff's claim for induced infringement against CoActiv is **DISMISSED WITHOUT PREJUDICE.**

## II.   CONTRIBUTORY INFRINGEMENT

In regards to Plaintiff's claim for contributory infringement against CoActiv, the First Amended Complaint alleges:

> CoActiv has also indirectly infringed and continues to indirectly infringe, without limitation, claims 17, 21, 23, 27, and 29 of the '416 patent under 35 U.S.C.

> § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its accused medical imaging systems, including the CoActiv Exam-PACS system, features of which constitute a material part of the patented inventions of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. CoActiv knows that the features of its accused medical imaging systems are especially made or adapted for use in an infringement of one or more of the claims of the '416 patent and are not a staple article of commerce suitable for non-infringing uses. The direct infringers for CoActiv's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the physicians who use CoActiv's infringing medical imaging systems.
>    CoActiv sells and offers to sell its accused medical imaging systems to customers and end-users. CoActiv has contributed and continues to contribute to its customers' and end-users' infringement by selling and offering to sell the accused medical imaging systems. Moreover, CoActiv has advertised and promoted its accused medical imaging systems as a material component of the patented invention, and encouraged and provided instructions to its customers and end-users for using its accused medical imaging systems as a material component of the patented invention.

(First Am. Compl. ¶¶ 24, 25.)

"Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). To establish contributory infringement, a plaintiff must show the following elements: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

Because Plaintiff has not alleged sufficient facts showing that CoActive had knowledge of the '416 patent, as explained above, Plaintiff has not established one of the required elements of contributory infringement. Accordingly, Plaintiff's claim for contributory infringement against CoActiv is **DISMISSED WITHOUT PREJUDICE.**

///

///

///

## CONCLUSION

For the reasons stated above, the Court **GRANTS** CoActiv's Motion to Dismiss in Part the First Amended Complaint. Specifically, Plaintiff's claims for induced infringement and contributory infringement against CoActiv are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** thirty (30) days from the date of this Order to file a Second Amended Complaint.

**IT IS SO ORDERED.**

DATED: March 29, 2012

HON. ROGER T. BENITEZ
United States District Court Judge